**Creeta G. MOUTON, Plaintiff–Appellant,**

v.

**LAS VEGAS CLARK COUNTY LIBRARY DISTRICT, Defendant–Appellee.**

No. 01–17223.

D.C. No. CV–99–00953–LDG (LRL).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided Nov. 26, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

**340**

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

### MEMORANDUM***

Creeta Mouton appeals the district court's grant of summary judgment against her and in favor of Las Vegas–Clark County Library District in her action for hostile work environment, race discrimination, and retaliation. *See* 42 U.S.C. §§ 2000e–2(a), 2000e–3(a). We affirm.

■ (1) Insofar as Mouton's action relies on activities by co-worker Gerald Strickland, it was brought long after those activities occurred, and they were not part of an unlawful employment practice that extended into the period where a claim would be timely. Thus, it is barred by the statute of limitations. *See* 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2077, 153 L.Ed.2d 106 (2002).

(2) Insofar as Mouton's action is based upon activities of co-worker Mark Thibodeau, she has not spelled out a prima facie case because, based on the most favorable view of the evidence, those activities were not severe or pervasive enough to alter the conditions of her employment and create an abusive working environment. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 270, 121 S.Ct. 1508, 1509, 149 L.Ed.2d 509 (2001); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–23, 114 S.Ct. 367, 370–71, 126 L.Ed.2d 295 (1993); *Nichols v. Azteca Rest. Enterprs., Inc.,* 256 F.3d 864, 871–72 (9th Cir.2001); *Ellison v. Brady,* 924 F.2d 872, 875–76 (9th Cir.1991). Moreover, even if she had established a prima facie case, no reasonable trier of fact could find that the Library District's remedial response was less than adequate. *See Star v. West,* 237 F.3d 1036, 1038–39 (9th Cir.2001); *Ellison,* 924 F.2d at 882; *see also Berry v. Delta Airlines, Inc.,* 260 F.3d 803, 813–14 (7th Cir.2001). Indeed, her complaints resulted in Thibodeau's termination. The district court did not err.

■ (3) Nor has Mouton presented evidence to establish a prima facie case of race discrimination. Specifically, she has wholly failed to show that similarly situated employees, who are not of her race, were treated more favorably. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002); *Gunther v. Wash. County,* 623 F.2d 1303, 1321 (9th Cir.1979), *aff'd,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981); *see also Peele v. Country Mut. Ins. Co.,* 288 F.3d 319, 330 (7th Cir.2002). Again, the district court ruled correctly.

■ (4) Mouton's attack on the district court's conclusion that she had not submitted sufficient evidence to show retaliation is no more cogent. In effect, she points to the mere propinquity between the ongoing department reorganization and her own ongoing complaints. However, while unexplained propinquity may be enough to establish a prima facie case in some instances, mere propinquity is not. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. at 272–74, 121 S.Ct. at 1510–11; *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1464–65 (9th Cir.1994). But even if she had managed to show enough to squeak by the prima facie case requirement, on this

---

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

record it is pellucid that she simply has not shown that the Library District's legitimate, nondiscriminatory reasons for its actions were pretextual.

AFFIRMED.